UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRICK SAMS,

        Plaintiff,

Case No. 1:15-cv-592

Hon. Paul L. Maloney

v.

UNKNOWN QUINN and
UNKNOWN KLUDY,

        Defendants.

                                        /

**REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action brought by a state prisoner at a Michigan Department of Corrections (MDOC) facility pursuant to 42 U.S.C. § 1983. This matter is now before the Court on defendants' motion for summary judgment (docket no. 17).

    **I.**    **Plaintiff's complaint**

The plaintiff in this case is Cedrick Sams. By way of background, another prisoner, Darryl Smith, initiated this action by filing a complaint claiming that plaintiff was mistreated by corrections officers during a medical episode. Because Smith was not a lawyer, the Court dismissed the complaint without prejudice. *See* Order Dismissing Case (docket no. 3). Plaintiff filed a *pro se* amended complaint which set forth the following facts (in his words):

> Plaintiff Cedrick Sams, on 3/16/13 was suffering from a Hypoglycemia low blood sugar reaction due to Plaintiff's chronic diabetes. Plaintiff asked his cellmate Summerlin #498164 to immediately go and get Officer Clark because Plaintiff needed MCF Healthcare Services as Plaintiff was experiencing a diabetic reaction due to having low blood sugar. As noted in Officer Clark critical Incident Report, Unit LogBook that Plaintiff was suffering from having low blood sugar levels and Plaintiff was experiencing unconsciousness.

> Officer Clark failed to call Healthcare Service, but rather called Yard Officer(s) Lt. Quinn, Sgt. Kludy, Officer Brandi. However, Plaintiff Cedrick Sams, tried to explain to all officers that (he) needed to be seen by Health Services because Plaintiff was having a diabetic reaction and thus further verified by Healthcare RN Kristin M. Alman, leval first being 46 before leaving the housing unit.
>
> Once at Healthcare Services a test was given and now Plaintiff's sugar level was at his all time low of (43) which would without question cause a diabetic comma. Subsequently, Plaintiff Cedrick Sams, was giving (1) injection of glucagon. VO Health Service PA Bien was obtained and shortly after 5 minutes Plaintiff sugar level was tested and had raising just a little bit to 49.
>
> At which as noted in the healthcare report it was only then that Plaintiff became less irritated and combative. Here, the report also verifies that the Plaintiff before coming to healthcare had vomit on himself and had vomited once in the presence of healthcare staff. Likewise, once Plaintiff became stable, a correctional officer removed the taser barbs from Plaintiff.

Amend. Compl. (docket no. 7, PageID.43-44). Plaintiff alleged that defendants' actions violated his constitutional rights, and seeks compensatory damages, punitive damages and injunctive relief. *Id*. at PageID.39, 44.

## II. Defendants' motion for summary judgment

### A. Legal standard

Defendants have moved for summary judgment pursuant to Fed. R. Civ. P. 56. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

2

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### B. Discussion

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983. "It is well-settled that to state a cognizable Section 1983 claim, the plaintiff must allege some personal involvement by the each of the named defendants." *Bennett v. Schroeder*, 99 Fed. Appx. 707, 712-13 (6th Cir. 2004).

The amended complaint suggests that plaintiff did not receive adequate medical attention for his diabetes. Such a claim could form the basis for a cause of action under § l983 against prison officials for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (l976). However, a prison grievance and a letter from the Office of Legislative Corrections Ombudsman attached to the complaint refer to an entirely different incident, i.e., that Sgt. Kludy used an electronic control device ("ECD" or taser) on plaintiff when plaintiff refused to leave his cell for medical treatment. *See* Ombudsman Letter (docket nol 7-2, PageID.50-51); Grievance No. MCF-13-04-0550-17z (docket no. 7-1, PageID.52-60).

In their motion for summary judgment, defendants correctly point out that "[t]he body of Sam's Amended Complaint fails to state any allegations as to either Lt. Quinn or Sgt. Kludy." Defendants' Brief (docket No. 18, PageID.84). As discussed, plaintiff's amended complaint merely refers to Lt. Quinn and Sgt. Kludy as present in his cell when he was having a "diabetic reaction." Amend. Compl. at PageID.43. While plaintiff alleged that "once Plaintiff became stable, a correctional officer removed the taser barbs from Plaintiff," there are no allegations as to who used the taser or why it was used. *Id*. at PageID.44. Plaintiff cannot maintain this action against defendants unless they were personally involved in the alleged unconstitutional conduct. "Personal involvement is necessary to establish section 1983 liability." *Murphy v. Grenier*, 406 Fed.Appx. 972, 974 (6th Cir. 2011). "It is axiomatic that the liability of persons sued in their individual capacities under section 1983 must be gauged in terms of their own actions." *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999). *See generally, Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (while the pleading standard announced in Fed. R. Civ. P. 8 does not require detailed factual allegations, "it

demands more than an unadorned, the - defendant - unlawfully - harmed - me accusation") (internal citations omitted).

Plaintiff's failure to plead a cause of action against defendants is fatal to his amended complaint. In reaching this determination, the Court is mindful that *pro se* complaints "are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted). However, this liberal construction does not require the Court "to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Nor can a court rewrite a complaint to include claims that were never presented. *Rogers v. Detroit Police Deptartment*, 595 F. Supp.2d 757, 766 (E.D. Mich. 2009). To hold otherwise would require the court to explore all potential claims of a *pro se* plaintiff and transform the district court to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party. *Id.* Here, plaintiff's amended complaint does not allege that defendants engaged in any wrongful conduct, let alone conduct which would support a cause of action under § 1983. This Court is not required to act as plaintiff's advocate by "conjuring up" new allegations for plaintiff, constructing constitutional claims against Lt. Quinn and Sgt. Kludy based upon those new allegations, and then review defendants' motion for summary judgment based upon an amended complaint which the Court's re-drafted for plaintiff. Plaintiff's amended complaint does not allege any misconduct by defendants. Accordingly, defendants' motion for summary judgment should be granted.

### III.     Recommendation

For these reasons, I respectfully recommend that defendants' motion for summary judgment (docket no. 17) be **GRANTED** and that this action be **DISMISSED**.


Dated:  February 27, 2017         /s/ Ray Kent
                                  RAY KENT
                                  United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).