UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRICK SAMS, #169006,            )
    Plaintiff,                   )
                                  )  No. 1:15-cv-592
-v-                               )
                                  )  HONORABLE PAUL L. MALONEY
UNKNOWN QUINN & UNKNOWN           )
KLUDY,                            )
    Defendants.                  )
_____)

### ORDER ADOPTING REPORT AND RECOMMENDATION
### AND DENYING MOTION FOR LEAVE TO AMEND

On August 12, 2016, Defendants Quinn and Kludy filed a motion for summary judgment. (ECF No. 17 at PageID.78.)

Plaintiff filed objections to the Report and Recommendation, and the Court will address each in turn on de novo review. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

As an initial matter, though, the Court must observe that Plaintiff's objections—two of them in less than three pages—barely suffice to warrant review. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) ("[T]he district court need not provide *de novo* review where the objections are '[f]rivolous, conclusive or general.'").

    a.    **Plaintiff's First Objection**

Plaintiff first argues that the Magistrate Judge, rather than Defendants, raised the argument that "Plaintiff failed to show any personal involvement by Defendant Sgt. Kludy." (ECF No. 29 at PageID.169.) Even if true, it matters not.

The Magistrate's Report and Recommendation essentially relies on the fact that Plaintiff has failed to state a claim upon which relief can be granted. That argument is ordinarily properly raised under Fed. R. Civ. P. 12(b)(6) before an answer is filed, rather than a motion under Fed. R. Civ. P. 56 like Defendants filed here. However, where matters outside the pleadings are considered and not excluded, the Court must construe the motion under Fed. R. Civ. P. 56, *see* Fed. R. Civ. P. 12(d)—and nothing in the Rules prevents the court from dismissing a complaint for failing to state a claim even if the underlying motion was brought under Fed. R. Civ. P. 56.[1] Either way, though, the Magistrate Judge rested his final recommendation on the insufficiency of the pleadings.

The thrust of Plaintiff's argument—the Magistrate Judge himself errantly determined the complaint failed to state a claim against Sergeant Kludy—must be rejected.

A court may, indeed *must*, sua sponte dismiss an action for failure to state a claim against any named defendants under the PLRA. *See* 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall dismiss* the case *at any time* if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." (emphasis added)); *see also In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) ("District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners.").

---

[1] Defendants are entitled to raise alternative arguments in their pre-answer motion (*e.g.*, the complaint fails to state a claim but even if it does, Defendants are entitled to qualified immunity), and many of the alternative arguments rested on matters outside of the pleadings.

2

In addition, to the extent this was properly a Rule 56 motion, a court may sua sponte grant a motion for summary judgment "on grounds not raised by a party," so long as the nonmoving party was given "notice and a reasonable time to respond." Fed. R. Civ. P. 56(f). A report and recommendation clearly gives a party both notice and an opportunity to respond by filing an objection. *See, e.g., Santiago v. Anderson*, 496 F. App'x 630, 637 (7th Cir. 2012).

Plaintiff cites no authority for the proposition that the Magistrate Judge cannot sua sponte raise Plaintiff's own failure to state a claim as to Sergeant Kludy. Indeed, Plaintiff *admits* that his own statement of facts "failed to allege[] any wrongdoing acts committed by Defendants Lt. Quinn or Sgt. Kludy that created a claim for constitutional violations . . . ." (ECF No. 29 at PageID.169.)

Accordingly, Defendants' first objection is **OVERRULED**.

### b. Plaintiff's Second Objection

Plaintiff next argues that the Magistrate Judge failed to consider several exhibits he submitted in a response to the motion. (ECF No. 29 at PageID.169–70.) But even if that's true—exhibits attached to a complaint or response do not save the complaint if the complaint itself does not contain sufficient information to put Defendants on notice of the claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). That is particularly true in the qualified immunity context: "It is axiomatic that the liability of persons sued in their individual capacities under section 1983 must be gauged in terms of their own actions." *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999).

3

As the Magistrate Judge noted, it's not the Court's duty "to conjure up unpled allegations." *Dietz v. Sanders*, 100 F. App'x 334, 338 (6th Cir. 2004).

Accordingly, Defendants' second objection is **OVERRULED**.

### c.     Plaintiff's Motion for Leave to Amend

Plaintiff concurrently argues—while admitting his current complaint "failed to allege[] any wrongdoing acts committed by Defendants Lt. Quinn or Sgt. Kludy that created a claim for constitutional violations"—that he is nonetheless entitled to file his "Amended/Supplement Complaint to correct a defect in the 'Statement of Facts' section of the Complaint . . . ." (ECF No. 30 at PageID.173.) Plaintiff argues that the defect first came to light after his review of the Report and Recommendation. (*Id.*)

Under Fed. R. Civ. P. 15(a) "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." However, "a motion to amend a complaint should be denied if the amendment . . . would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995).

"A proposed amendment to a complaint is futile if it would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted." *Moher v. United States*, 875 F. Supp. 2d 739, 747 (W.D. Mich. 2012) (citing *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005)).

Plaintiff is not entitled to amend at this time because the proposed amendment is futile for two reasons.

First, Plaintiff's proposed "amended/supplement complaint" fails to contain even a single constitutional claim for relief against the remaining defendants. The Court recognizes

4

that Plaintiff has proceeded pro se, but again, it's not the Court's duty "to conjure up unpled allegations," *Dietz*, 100 F. App'x at 338, to piece together one statement of facts with another, or to figure out what claims Plaintiff has attempted to plead against each defendant and the factual basis for each claim. The proposed supplement asserts no claims. The proposed amended complaint, quite literally, fails to state a single claim.

However, even if the Court accepts the amendment in its entirety (ECF No. 30-1) as true and matches up those facts with an Eighth Amendment claim, no dispute in material fact remains, and the complaint would require dismissal because the actions taken were reasonable under the circumstances and the officers would be entitled to qualified immunity.

The Eight Amendment's proscription against cruel and unusual punishment for excessive force prohibits "the unnecessary and wanton infliction of pain." *Hudson v. McMillan*, 503 U.S. 1, 5 (1992). Whenever prison officials use force to keep order, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6–7.

Here, taking Plaintiff's additional statement of facts as true, Plaintiff failed to obey several commands and was warned that his failure to obey would result in use of a taser. Indeed, it appears the officers were attempting to convince Plaintiff to accompany them to receive medical care—i.e., *help* Plaintiff. (ECF No. 30-1 at PageID.177–78.) The official report reflects that same assessment. (ECF No. 7 at PageID.50–51.) While Plaintiff was apparently not entirely lucid, that does not change the analysis, and the officers still have wide leeway to maintain discipline or use a proportional amount of force to ensure a prisoner receives emergency medical care. The officers tased Plaintiff, but that was reasonable given

an objective assessment that Plaintiff needed care for possible diabetic shock and care in the unit was not feasible. (*See, e.g.*, ECF No. 7 at PageID.51 ("I would have been concerned for *your* safety as well, because the longer you kept refusing to comply with treatment, the more threatening your condition would have become.").)

These additional facts do not suffice to establish an Eighth Amendment violation, and thus Plaintiff's proposed amendment is doubly futile. (*Id.*)

Accordingly, the Court hereby orders the following: Plaintiff's objections are **OVERRULED** (ECF No. 29), and the Magistrate Judge's Report and Recommendation is **ADOPTED** in its entirety, with the additional modifications contained in this order. (ECF No. 28.) Defendants' motion for summary judgment is **GRANTED**. (ECF No. 17.) Plaintiff's motion for leave to amend is **DENIED** as futile. (ECF No. 30.) And Plaintiff's motion for discovery is **DENIED AS MOOT**. (ECF No. 25.)

Plaintiff paid the full filing fee in this action. However, to the extent that Plaintiff would seek to proceed *in forma pauperis* on appeal, the Court must decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1) even if he seeks to proceed *in forma pauperis*. Judgment will enter separately.

**IT IS SO ORDERED.**

Date:   March 31, 2017               /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     United States District Judge